UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                              CIVIL ACTION NO. 2:10-1406

$599,274.58, MORE OR LESS,
IN UNITED STATES CURRENCY,

Defendant.

## ANSWER OF DIANE E. SHAFER, M.D. TO VERIFIED COMPLAINT

**NOW COMES** Diane E. Shafer, M.D. (hereinafter referred to as "Claimant"), by

counsel, Dwane L. Tinsley, and responds to the Verified Complaint of Forfeiture (hereinafter

referred to as "Verified Complaint") as follows:

## NATURE OF THE ACTION

1.      The Claimant admits that this is a civil action in rem brought on behalf of the

United States of America.  The Claimant denies the remaining allegations contained in paragraph

1 of the Verified Complaint and demands strict proof thereof.

2.      The Claimant denies the allegations contained in paragraph 2 of the Verified

Complaint and demands strict proof thereof.

3.      The Claimant denies the allegations contained in paragraph 3 of the Verified

Complaint and demands strict proof thereof.

## THE DEFENDANTS IN REM
## AND POTENTIAL INTERESTED PARTIES

4.      The Claimant admits the allegations contained in paragraph 4 (A) through (G) of

the Verified Complaint.

1

{R0029592.1}

5.       The Claimant admits the allegations contained in paragraph 5 of the Verified Complaint.

## JURISDICTION AND VENUE

6.       The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Verified Complaint.

7.       The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Verified Complaint.

8.       The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Verified Complaint.

9.       The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Verified Complaint.

## BASIS FOR FORFEITURE

10.       The Claimant admits the allegations contained in paragraph 10(A) of the Verified Complaint.  The Claimant admits the allegations contained in paragraph 10(B) of the Verified Complaint.  The Claimant admits the allegations contained in paragraph 10(C) of the Verified Complaint.  The Claimant denies the allegations contained in paragraph 10(D) of the Verified Complaint and demands strict proof thereof.

11.       The Claimant denies the allegations contained in paragraph 11 of the Verified Complaint and demands strict proof thereof.

12.       The Claimant denies the allegations contained in paragraph 12 of the Verified Complaint and demands strict proof thereof.

13.       The Claimant denies the allegations contained in paragraph 13 of the Verified Complaint and demands strict proof thereof.

{R0029592.1}

**NOTICE OF THE INTENTION OF THE UNITED STATES
TO INVOKE THE PROVISIONS OF 18 U.S.C. § 984**

14.    The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Verified Complaint.

**FINANCIAL ANALYSIS AND FORFEITABILITY OF DEFENDANT PROPERTY**

**A.  BACKGROUND:  DR. SHAFER'S MEDICAL PRACTICE**

15.    The Claimant admits the allegations contained in paragraph 15 of the Verified Complaint.

16.    The Claimant admits the allegations contained in paragraph 16 of the Verified Complaint.

17.    The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Verified Complaint, however the Claimant has now been made aware that Lisa Baisden, an individual who worked in her office, assisted the West Virginia State Police in their investigation.

18.    The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Verified Complaint.

19.    The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Verified Complaint.

20.    The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Verified Complaint.

21.    The Claimant denies the allegations contained in paragraph 21 of the Verified Complaint and demands strict proof thereof.

22.    The Claimant denies the allegations contained in paragraph 22 of the Verified Complaint and demands strict proof thereof.

3

{R0029592.1}

23.     The Claimant admits that a search warrant was executed at her office in Williamson, West Virginia.  The Claimant denies the remaining allegations contained in paragraph 23 of the Verified Complaint and demands strict proof thereof.

24.     The Claimant denies the allegations contained in paragraph 24 of the Verified Complaint and demands strict proof thereof.

25.     The Claimant denies the allegations contained in paragraph 25 of the Verified Complaint and demands strict proof thereof.

26.     The Claimant denies the allegations contained in paragraph 26 of the Verified Complaint and demands strict proof thereof.

27.     The Claimant admits that the patient files seized by the West Virginia State Police listed a patient's blood pressure, weight and ailments on the chart.  The Claimant denies the remaining allegations contained in paragraph 27 of the Verified Complaint and demands strict proof thereof.

28.     The Claimant denies the allegations contained in paragraph 28 of the Verified Complaint and demands strict proof thereof.

29.     The Claimant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of the Verified Complaint

30.     The Claimant admits that she signed a voluntary surrender of controlled substances privileges form, DEA Form 104.  The Claimant denies the remaining allegations contained in paragraph 30 of the Verified Complaint and demands strict proof thereof.

31.     The Claimant admits the allegations contained in paragraph 31 of the Verified Complaint and demands strict proof thereof.

{R0029592.1}

## B.  FINANCIAL ANALYSIS:

32.     The Claimant denies the allegations contained in paragraph 32(A) through (C) of the Verified Complaint and demands strict proof thereof.

## BB&T ACCOUNT NO. XXXXXX6061:

33.     The Claimant denies the allegations contained in paragraph 33 of the Verified Complaint and demands strict proof thereof.

34.     The Claimant denies the allegations contained in paragraph 34 of the Verified Complaint and demands strict proof thereof.

35.     The Claimant denies the allegations contained in paragraph 35 of the Verified Complaint and demands strict proof thereof.

36.     The Claimant denies the allegations contained in paragraph 36 of the Verified Complaint and demands strict proof thereof.

37.     The Claimant admits that she visited Williamson, West Virginia, branch of BB&T to deposit monies into her account to pay her taxes.  The Claimant denies the remaining allegations contained in paragraph 37 of the Verified Complaint and demands strict proof thereof.

38.     The Claimant denies the allegations contained in paragraph 38 of the Verified Complaint and demands strict proof thereof.

39.     The Claimant denies the allegations contained in paragraph 39 of the Verified Complaint and demands strict proof thereof.

{R0029592.1}

**BB&T SAFE DEPOSIT BOXES 788 AND 842;**
**BB&T ACCOUNT NOS. XXXXXX1820, XXXXXX4279; AND**
**BB&T CERTIFICATE OF DEPOSIT ACCOUNT NO. XXXXXX8611:**

40.     The Claimant denies the allegations contained in paragraph 40 of the Verified Complaint and demands strict proof thereof.

41.     The Claimant denies the allegations contained in paragraph 41 of the Verified Complaint and demands strict proof thereof.

42.     The Claimant denies the allegations contained in paragraph 42 of the Verified Complaint and demands strict proof thereof.

**FIRST DEFENSE**

The Claimant further denies each and every other allegation asserted in the Verified Complaint not specifically and expressly admitted herein.

**SECOND DEFENSE**

The Claimant reserves unto herself any and all defenses disclosed by discovery herein.

**WHEREFORE,** the Claimant demands that the Verified Complaint of Forfeiture be dismissed and the property seized be returned to her and that she be granted such other relief as this Court may deem just and proper, together with costs incurred in this action.

Respectfully submitted,

DIANE E. SHAFER, M.D.,

By Counsel,

/s/ Dwane L. Tinsley, Esquire
West Virginia State Bar #3767
**Eckert Seamans Cherin & Mellott, PLLC**
214 Capitol Street
Charleston, West Virginia  25301
Telephone: (304) 346-5500
Fax: (304) 346-5515
Email: dtinsley@eckertseamans.com

6

{R0029592.1}

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:10-1406

$599,274.58, MORE OR LESS,
IN UNITED STATES CURRENCY,

        Defendant.

## **<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that on February 8, 2011, 2011, I served the foregoing **Answer Of Diane**

**E. Shafer, M.D., To Verified Complaint** with the Court using CM/ECF which will

automatically serve all electronic filers, as well as by U.S. Mail, to the following:

               Betty A. Pullin
               Assistant United States Attorney
               United States Attorney
               Southern District of West Virginia
               Robert C. Byrd United States Courthouse
               300 Virginia Street, East, Suite 4000
               Charleston, West Virginia  25301
               betty.pullin@usdoj.gov

                                   /s/ Dwane L. Tinsley, Esquire_____
                                   West Virginia State Bar #3767
                                   **Eckert Seamans Cherin & Mellott, PLLC**
                                   214 Capitol Street
                                   Charleston, West Virginia  25301
                                   Phone:  (304) 346-5500
                                   Fax:  (304) 346-5515
                                   dtinsley@eckertseamans.com

{R0029592.1}